IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **TWC ADMINISTRATION LLC,** | ) |
| Plaintiff, | ) |
| | ) Case No. 4:17-cv00235 |
| vs. | ) |
| **TIMOTHY CATHEY,** | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION TO COMPEL ARBITRATION AND
TO STAY THE STATE COURT ACTION**

Plaintiff TWC Administration LLC, ("TWC"), pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA") and the parties' Arbitration Agreement, respectfully moves for entry of an Order compelling arbitration of Defendant's claims based on his employment, including those brought in the Circuit Court of Jackson County, Missouri, *Cathey v. Time Warner Cable Information Services, LLC,* et al., Case No. 1616-CV28146 ("State Court Action"). In support of its Motion, Plaintiff states as follows:

1. Defendant is a former employee of Plaintiff TWC. In connection with his hire, Defendant electronically executed an Arbitration Agreement. *See* Complaint (Dkt. 1), Ex. A, Tab 1, Tab 2 at 3. The Arbitration Agreement applies to any and all claims or disputes arising from or related to Defendant's employment. *Id*. at Tab 1. The Arbitration Agreement specifically applies to claims arising under state law. *Id*.

2. The Arbitration Agreement is valid and enforceable agreement under Missouri law because it demonstrates offer, acceptance, and consideration. *See Frye v. Speedway Chevrolet Cadillac*, 321 S.W.3d 429, 436 (Mo. Ct. App. 2010).

2. Plaintiff filed his Petition in the State Court Action on November 22, 2016 in contravention of the parties' Arbitration Agreement, alleging that Plaintiff and its employees discriminated and retaliated against Defendant in violation of the Missouri Human Rights Act "MHRA."

3. Arbitration is Defendant's exclusive remedy for claims arising out of or related to his employment, including those claims asserted in the State Court Action.

4. On December 30, 2016, TWC filed a Motion to Compel Arbitration and suggestions in support in the State Court Action.

5. On February 21, 2017, the state court denied TWC's Motion to Compel Arbitration. The Court did not decide whether the parties' Arbitration Agreement was valid and enforceable.

6. Contemporaneously with this Motion and Memorandum, Plaintiff filed a Complaint in this Court seeking an order compelling arbitration and staying the State Court Action. *See* Complaint (Dkt. 1).

7. The FAA provides that arbitration agreements are valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

8. The FAA provides that courts "shall . . . order" parties to proceed to arbitration, and "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. §§ 3-4.

9. Plaintiff respectfully requests the Court order the parties to arbitrate all claims arising out of or related to Defendant's employment, including Defendant's claims against TWC and TWC employees in the State Court Action.

10. Plaintiff respectfully requests the Court issue an Order staying the State Court Action pending arbitration of Defendant's claims.

WHEREFORE, Plaintiff respectfully requests the Court issue an Order compelling arbitration all claims arising out of or related to Defendant's employment, including Defendant's claims against TWC and TWC employees in the State Court Action, issue an Order staying the State Court Action pending arbitration, and that the Court grant such other relief as it deems just and proper.

Respectfully submitted,


/s/ *Sara K. McCallum*
Jeannie M. DeVeney #46885
Sara K. McCallum #67473
LITTLER MENDELSON, P.C.
1201 Walnut, Suite 1450
Kansas City, MO  64106
Telephone: 816.627.4400
Facsimile: 816.627.4444
jdeveney@littler.com
smccallum@littler.com

ATTORNEYS FOR PLAINTIFF